UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ZANE LABARGE, <br><br> Plaintiff, <br><br> v. <br><br> DIVERSIFIED CONSULTANTS, INC. and JEFFERSON CAPITAL SYSTEMS, LLC, <br><br> Defendants. | CIVIL COMPLAINT <br><br> CASE NO. 1:19-cv-00231 <br><br> DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes ZANE LABARGE ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("DCI") and JEFFERSON CAPITAL SYSTEMS, LLC ("Jefferson") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.,* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.,* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Eastern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

### PARTIES

4.  Plaintiff is a consumer over 18 years-of-age residing in Jefferson County, Texas, which is located within the Eastern District of Texas.

5.  DCI promotes that its "service offerings include both first and third party collections."[1] DCI is a corporation organized under the laws of the state of Florida with Crawford, John Resq as its registered agent located at 1200 Riverplace Boulevard, Suite 800, Jacksonville, FL 32207.

6.  Jefferson boasts that it "is an established Debt Buyer and Debt Collector."[2] Jefferson is a limited liability company organized under the laws of the state of Georgia with its principal place of business located at 16 McLeland Road, St. Cloud, MN 56303.

7.  Jefferson is DCI's principal. Consequently, Jefferson is liable for DCI's actions as Jefferson exercises control over DCI's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

8.  Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9.  Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

---

[1] https://www.dcicollect.com/about/
[2] https://www.myjcap.com/question/list

## FACTS SUPPORTING CAUSES OF ACTION

10. The instant actions stems from Defendants' attempts to collect upon a consumer debt allegedly owed by Plaintiff.

11. Around the summer of 2018, Plaintiff began receiving phone calls to his cellular phone, (409) XXX-1980, from DCI.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1980.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. DCI has used several numbers to place collection calls to Plaintiff's cellular phone, including but not limited to: (866) 743-3124, (346) 330-5209, (346) 299-2735, and (346) 299-2572.

14. Upon speaking with DCI, Plaintiff was informed that DCI is a debt collector collecting on behalf of Jefferson for a Verizon Wireless telecommunications bill ("subject debt").

15. Plaintiff has repeatedly told Defendants that its calls were not welcomed and informed them that he has never had a relationship with Verizon Wireless.

16. Despite clear notice from Plaintiff that their calls were unwanted, Defendants continued to call Plaintiff's cellular phone with attempts to collect upon the subject debt for several months thereafter.

17. To Plaintiff's great frustration, DCI started contacting his relatives after Plaintiff expressed that its calls were not welcomed.

18. Moreover, Jefferson is reporting the subject debt on Plaintiff's consumer reports, but Jefferson has failed to communicate that the subject debt is disputed even though Plaintiff has clearly stated to DCI that he does not owe the subject debt.

19. Plaintiff has received *at least* 30 phone calls from Defendants since asking them to stop calling.

20. Frustrated over Defendants' continued conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST DEFENDANTS)

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. DCI is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. DCI identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 1994.[3]

---

[3] http://www.acainternational.org/search#memberdirectory

27. Jefferson is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Jefferson identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 2003.[4]

28. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c(a)(1) and §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendants violated §1692c(a)(1), d, and d(5) when they continuously called Plaintiff after being notified to stop. Defendants called Plaintiff at least 30 times after he made it clear that he does not owe the subject debt and demanding that they stop. This repeated behavior of systematically calling Plaintiff's phone in spite of Plaintiff's demands was harassing and abusive. The frequency and volume of calls shows that Defendants willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission. Moreover, any reasonable fact finder will conclude that Defendants' conduct was harassing and abusive when they began contacting Plaintiff's relatives after he stated that Defendants' calls were not welcomed.

---

[4] http://www.acainternational.org/search#memberdirectory

31. Defendants were notified by Plaintiff that its calls were not welcomed. As such, Defendants knew that their conduct in placing the calls was inconvenient and harassing to him.

### b. Violations of FDCPA §1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendants violated §1692e, e(8) and e(10) when they failed to communicate to the credit bureaus that the subject debt was disputed because Plaintiff has unequivocally stated to Defendants that he has never had a relationship with Verizon Wireless. Defendants' actions only served to worry and confuse Plaintiff.

35. Defendants violated §1692e and e(10) when they used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff told Defendants he has never had a relationship with Verizon Wireless, Defendants continued to contact Plaintiff via collection calls. Instead of putting an end to this harassing behavior, Defendants systematically placed approximately 30 phone calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendants misleadingly represented to Plaintiff that they had the legal ability to contact him when Defendants' no longer had consent to do so.

### c. Violations of FDCPA §1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendants violated §1692f when they unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 30 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without Plaintiff's permission is unfair and unconscionable behavior. These means employed by Defendants only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, ZANE LABARGE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
(AGAINST DEFENDANTS)

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

40. Defendants is a "debt collector[s]" as defined by Tex. Fin. Code Ann. § 392.001(6).

41. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violations of TDCA § 392.302

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

43. Defendants violated the TDCA when they continued to call Plaintiff's cellular phone numerous times after he notified them to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite his demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls and the calls made to Plaintiff's relatives illustrates that Defendants willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

44. Upon being told to stop calling, Defendants had ample reason to be aware that they should cease its harassing campaign of collection phone calls. Nevertheless, Defendants consciously chose to continue placing calls to Plaintiff's cellular phone.

### b.  Violations of TDCA § 392.304

45. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

46. Defendants violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendants misleadingly represented to Plaintiff that they had the lawful ability to continue contacting his cellular phone using an automated system absent his consent. Such lawful ability was revoked upon Plaintiff demanding that Defendants stop calling his cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, ZANE LABARGE, respectfully requests that this Arbitrator enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 24, 2019                                           Respectfully submitted,

s/ Nathan C. Volheim                                          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                              Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                       *Counsel for Plaintiff*
Admitted in the Eastern District of Texas                     Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.                                      Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                       Lombard, Illinois 60148
(630) 568-3056 (phone)                                        (630) 581-5858 (phone)
(630) 575-8188 (fax)                                          (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                      thatz@sulaimanlaw.com